FILED BY MM D.C.

Feb 15, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**23-20070-CR-MORENO/GOODMAN**

**CASE NO. __________________**

**21 U.S.C. § 963**
**18 U.S.C. § 1956(h)**
**18 U.S.C. § 1956(a)(2)(A)**
**18 U.S.C. § 981(a)(1)(C)**
**18 U.S.C. § 982(a)(1)**
**21 U.S.C. § 853**

**UNITED STATES OF AMERICA,**

**v.**

**JENNIFER TAPIERO,**
**HEYNER RAUL SANDOVAL SALAZAR,**
**a/k/a "Jose Andres,"**
**WILDER ANTONIO SANCHEZ DUARTE, and**
**WILLINTON HENAO GUTIERREZ,**
**a/k/a "El Mocho Olmedo,"**

**Defendants.**

______________________________________/

# INDICTMENT

The Grand Jury charges that:

## COUNT 1
**Conspiracy to Distribute a Controlled Substance Having Reasonable Cause to Believe it Will Be Unlawfully Imported Into the United States**
**(21 U.S.C. § 963)**

From at least as early as on or about September 1, 2021, and continuing through on or about August 11, 2022, in Miami-Dade and Broward Counties, in the Southern District of Florida, and in the country of Colombia, and elsewhere, the defendants,

**JENNIFER TAPIERO,**
**HEYNER RAUL SANDOVAL SALAZAR,**
**a/k/a "Jose Andres,"**
**WILDER ANTONIO SANCHEZ DUARTE, and**
**WILLINTON HENAO GUTIERREZ,**
**a/k/a "El Mocho Olmedo,"**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to distribute a controlled substance in Schedule II, intending, knowing, and having reasonable cause to believe that such controlled substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959(a); all in violation of Title 21, United States Code, Section 963.

It is further alleged that the controlled substance involved in the conspiracy attributable to the defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 963 and 960(b)(1)(B).

**COUNT 2**
**Conspiracy to Import a Controlled Substance**
**(21 U.S.C. § 963)**

From at least as early as on or about September 1, 2021, and continuing through on or about August 11, 2022, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**JENNIFER TAPIERO,**
**HEYNER RAUL SANDOVAL SALAZAR,**
**a/k/a "Jose Andres,"**
**WILDER ANTONIO SANCHEZ DUARTE, and**
**WILLINTON HENAO GUTIERREZ,**
**a/k/a "El Mocho Olmedo,"**

did knowingly and willfully combine, conspire, confederate, and agree with each other, and others known and unknown to the Grand Jury, to import into the United States, from a place outside thereof, a controlled substance, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963.

It is further alleged that the controlled substance involved in the conspiracy attributable to the defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 960(b)(1)(B)(ii).

**COUNT 3**
**Conspiracy to Engage in Money Laundering**
**(18 U.S.C. § 1956(h))**

From at least as early as on or about September 1, 2021, and continuing through on or about August 11, 2022, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**JENNIFER TAPIERO,**
**HEYNER RAUL SANDOVAL SALAZAR, and**
**a/k/a "Jose Andres,"**
**WILLINTON HENAO GUTIERREZ,**
**a/k/a "El Mocho Olmedo,"**

did knowingly and willfully combine, conspire, confederate and agree with each other, and with other persons known and unknown to the Grand Jury, to knowingly transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on or a specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

It is further alleged that the specified unlawful activity is the manufacture, importation, sale, and distribution of a controlled substance, punishable under the laws of the United States and Colombia.

All in violation of Title 18, United States Code, Section 1956(h).

**COUNT 4**
**Attempted Money Laundering**
**(18 U.S.C. § 1956(a)(2)(A))**

On or about July 28, 2022, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**JENNIFER TAPIERO, and**
**WILLINTON HENAO GUTIERREZ,**
**a/k/a "El Mocho Olmedo,"**

did knowingly attempt to transport, transmit and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

It is further alleged that the specified unlawful activity is the manufacture, importation, sale, and distribution of a controlled substance, punishable under the laws of the United States and Colombia.

**FORFEITURE ALLEGATIONS**

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which any of the defendants, **JENNIFER TAPIERO, HEYNER RAUL SANDOVAL SALAZAR, a/k/a "Jose Andres," WILDER ANTONIO SANCHEZ DUARTE,** and **WILLINTON HENAO GUTIERREZ, a/k/a "El Mocho Olmedo,"** have an interest.

2. Upon conviction of a violation of Title 21, United States Code, Section 963, as alleged in this Indictment, the defendants shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such

offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, pursuant to Title 21, United States Code, Section 853.

3. Upon conviction of a violation or conspiracy to violate Title 18, United States Code, Section 1956, as alleged in this Indictment, the defendants shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such offense, pursuant to Title 18, United States Code, Section 982(a)(1).

4. If any of the property subject to forfeiture, as a result of an act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided with difficulty,

the United States shall be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), Title 21, United States Code, Sections 853 and 970, and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

[redacted]

FOREPERSON

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

SHANE R. BUTLAND
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA** **CASE NO.:** ______________________

**v.**

JENNIFER TAPIERO, et al.,

______________________/
**Defendants.**

**CERTIFICATE OF TRIAL ATTORNEY***

**Court Division** (select one)
☑ Miami ☐ Key West ☐ FTP
☐ FTL ☐ WPB

**Superseding Case Information:**

New Defendant(s) (Yes or No) ______
Number of New Defendants ____
Total number of New Counts ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) **Yes**
   List language and/or dialect: **Spanish**
4. This case will take **10** days for the parties to try.
5. Please check appropriate category and type of offense listed below:

| (Check only one) | | (Check only one) |
| --- | --- | --- |
| I | ☐ 0 to 5 days | ☐ Petty |
| II | ☑ 6 to 10 days | ☐ Minor |
| III | ☐ 11 to 20 days | ☐ Misdemeanor |
| IV | ☐ 21 to 60 days | ☑ Felony |
| V | ☐ 61 days and over | |

6. Has this case been previously filed in this District Court? (Yes or No) **No**
   If yes, Judge ______________ Case No. ______________
7. Has a complaint been filed in this matter? (Yes or No) **No**
   If yes, Magistrate Case No. ______________
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) **No**
   If yes, Judge ______________ Case No. ______________
9. Defendant(s) in federal custody as of **N/A**
10. Defendant(s) in state custody as of **N/A**
11. Rule 20 from the ____________ District of ______________
12. Is this a potential death penalty case? (Yes or No) **No**
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) **No**

By: ______________________
Shane Butland
Assistant United States Attorney
Court ID No. A5502525

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: JENNIFER TAPIERO

**Case No**:

Count #: 1

Conspiracy to Distribute a Controlled Substance Having Reasonable Cause to Believe it Will Be Unlawfully Imported Into the United States

Title 21, United States Code, Sections 959(a) and 963
*** Max. Term of Imprisonment: Life**
*** Mandatory Min. Term of Imprisonment (if applicable): 10 years**
*** Max. Supervised Release: 5 year mandatory minimum to life**
*** Max. Fine: $10,000,000**

Count #: 2

Conspiracy to Import a Controlled Substance

Title 21, United States Code, Section 963
*** Max. Term of Imprisonment: Life**
*** Mandatory Min. Term of Imprisonment (if applicable): 10 years**
*** Max. Supervised Release: 5 year mandatory minimum to life**
*** Max. Fine: $10,000,000**

Count #: 3

Conspiracy to Engage in Money Laundering

Title 18, United States Code, Section 1956(h)
*** Max. Term of Imprisonment: 20 years**
*** Mandatory Min. Term of Imprisonment (if applicable): N/A**
*** Max. Supervised Release: 3 years**
*** Max. Fine: Greater of $500,000 or twice the value of the property involved in the transaction**

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

PENALTY SHEET

**Defendant's Name**: JENNIFER TAPIERO

**Case No**:

Count #: 4

Attempted Money Laundering

Title 18, United States Code, Section 1956(a)(2)(A)

*** Max. Term of Imprisonment: 20 years**
*** Mandatory Min. Term of Imprisonment (if applicable): N/A**
*** Max. Supervised Release: 3 years**
*** Max. Fine: Greater of $500,000 or twice the value of the property involved in the transaction**

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** HEYNER RAUL SANDOVAL SALAZAR, a/k/a "Jose Andres"

**Case No:**

Count #: 1

Conspiracy to Distribute a Controlled Substance Having Reasonable Cause to Believe it Will Be Unlawfully Imported Into the United States

Title 21, United States Code, Sections 959(a) and 963
*** Max. Term of Imprisonment: Life**
*** Mandatory Min. Term of Imprisonment (if applicable): 10 years**
*** Max. Supervised Release: 5 year mandatory minimum to life**
*** Max. Fine: $10,000,000**

Count #: 2

Conspiracy to Import a Controlled Substance

Title 21, United States Code, Section 963
*** Max. Term of Imprisonment: Life**
*** Mandatory Min. Term of Imprisonment (if applicable): 10 years**
*** Max. Supervised Release: 5 year mandatory minimum to life**
*** Max. Fine: $10,000,000**

Count #: 3

Conspiracy to Engage in Money Laundering

Title 18, United States Code, Section 1956(h)
*** Max. Term of Imprisonment: 20 years**
*** Mandatory Min. Term of Imprisonment (if applicable): N/A**
*** Max. Supervised Release: 3 years**
*** Max. Fine: Greater of $500,000 or twice the value of the property involved in the transaction**

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** WILDER ANTONIO SANCHEZ DUARTE

**Case No:**

Count #: 1

Conspiracy to Distribute a Controlled Substance Having Reasonable Cause to Believe it Will Be Unlawfully Imported Into the United States

Title 21, United States Code, Sections 959(a) and 963
*** Max. Term of Imprisonment: Life**
*** Mandatory Min. Term of Imprisonment (if applicable): 10 years**
*** Max. Supervised Release: 5 year mandatory minimum to life**
*** Max. Fine: $10,000,000**

Count #: 2

Conspiracy to Import a Controlled Substance

Title 21, United States Code, Section 963
*** Max. Term of Imprisonment: Life**
*** Mandatory Min. Term of Imprisonment (if applicable): 10 years**
*** Max. Supervised Release: 5 year mandatory minimum to life**
*** Max. Fine: $10,000,000**

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** WILLINTON HENAO GUTIERREZ, a/k/a "El Mocho Olmedo"

**Case No:** ______________________

Count #: 1

Conspiracy to Distribute a Controlled Substance Having Reasonable Cause to Believe it Will Be Unlawfully Imported Into the United States

Title 21, United States Code, Sections 959(a) and 963
*** Max. Term of Imprisonment: Life**
*** Mandatory Min. Term of Imprisonment (if applicable): 10 years**
*** Max. Supervised Release: 5 year mandatory minimum to life**
*** Max. Fine: $10,000,000**

Count #: 2

Conspiracy to Import a Controlled Substance

Title 21, United States Code, Section 963
*** Max. Term of Imprisonment: Life**
*** Mandatory Min. Term of Imprisonment (if applicable): 10 years**
*** Max. Supervised Release: 5 year mandatory minimum to life**
*** Max. Fine: $10,000,000**

Count #: 3

Conspiracy to Engage in Money Laundering

Title 18, United States Code, Section 1956(h)
*** Max. Term of Imprisonment: 20 years**
*** Mandatory Min. Term of Imprisonment (if applicable): N/A**
*** Max. Supervised Release: 3 years**
*** Max. Fine: Greater of $500,000 or twice the value of the property involved in the transaction**

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

PENALTY SHEET

**Defendant's Name**: WILLINTON HENAO GUTIERREZ, a/k/a "El Mocho Olmedo"

**Case No**:

Count #: 4

Attempted Money Laundering

Title 18, United States Code, Section 1956(a)(2)(A)

*** Max. Term of Imprisonment: 20 years**
*** Mandatory Min. Term of Imprisonment (if applicable): N/A**
*** Max. Supervised Release: 3 years**
*** Max. Fine: Greater of $500,000 or twice the value of the property involved in the transaction**

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**